# UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

| | |
|---|---|
| **GRAPHIC ARTS MUTUAL INSURANCE COMPANY**  ) ) ) | |
| **Plaintiff,** ) ) | **C. A. No: 1:06-CV-00246 (JJF)** |
| **v.** ) ) ) | **CONFIDENTIAL – FILED UNDER SEAL** |
| **INDIAN RIVER SCHOOL DISTRICT, INDIAN RIVER SCHOOL BOARD, HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS, RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING, CHARLES M. BIRELEY, DONALD G. HATIER, REGINALD L. HELMS, M. ELAINE McCABE, LOIS M. HOBBS, and EARL J. SAVAGE** ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** ) ) | |

---

## PLAINTIFF GRAPHIC ARTS MUTUAL INSURANCE COMPANY'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

---

Plaintiff Graphic Arts Mutual Insurance Company ("Graphic Arts") responds as follows

to the numbered paragraphs of Defendants Indian River School District, Indian River School

Board, Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A.

Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hatier, Reginald L. Helms, M.

Elaine McCabe, Lois M. Hobbs, and Earl J. Savage (collectively "IRSB" or "Defendants")

Counterclaim Against Graphic Arts Mutual Insurance Company as follows:

1.     Graphic Arts admits that IRSB has filed a counterclaim against Graphic Arts. Graphic Arts denies the remaining allegations contained in paragraph 1 of the Counterclaim.

2.     Graphic Arts denies the allegations contained in the first sentence of paragraph 2 of the Counterclaim. Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of the second sentence in paragraph 2 of the Counterclaim, and therefore denies these allegations on that basis.

3.     Graphic Arts denies the allegations contained in the first sentence of paragraph 3 of the Counterclaim. The allegations contained in the second sentence of paragraph 3 of the Counterclaim contain IRSB characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in the second sentence of this paragraph are denied.

4.     Graphic Arts denies the allegations contained in paragraph 4 of the Counterclaim.

5.     Graphic Arts admits that Indian River School District is a public school district in Sussex County, Delaware. Graphic Arts denies "Indian River" is the named insured under the insurance contract at issue here. The named insured under the insurance contract at issue here is "Indian River School District."

6.     Graphic Arts admits that Counterclaim Plaintiff, Indian River School Board, governs the Indian River school system. Graphic Arts is without knowledge or information sufficient to admit or deny the remaining allegations of the first sentence in paragraph 6 of the Counterclaim, and therefore denies these allegations on that basis. Graphic Arts denies that the undefined term "Board" is an additional insured under the insurance contract at issue here. Graphic Arts admits that the Indian River School Board is an additional insured on the insurance contract at issue here subject to the terms, limitations, and conditions of the insurance contract.

7.     Graphic Arts admits that the allegations contained in the first sentence of paragraph 7 of the Counterclaim. Graphic Arts denies that Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hatier, Reginald L. Helms, M. Elaine McCabe, Lois M. Hobbs, and Earl J. Savage are additional insureds under the insurance contract at issue here without limitation. Graphic Arts admits Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hatier, Reginald L. Helms, M. Elaine McCabe, Lois M. Hobbs, and Earl J. Savage are additional insureds on the insurance contract at issue here subject to the terms, limitations, and conditions of the insurance contract.

8.     Graphic Arts admits that Lois M. Hobbs is the Superintendent of the Indian River School District and held that position at the commencement of the Dobrich lawsuit. Graphic Arts denies that Lois M. Hobbs is an additional insured under the insurance contract at issue here without limitation. Graphic Arts admits that Lois M. Hobbs is an additional insured on the insurance contract at issue here subject to the terms, limitations, and conditions of the insurance contract.

9.     Graphic Arts admits that Earl J. Savage is the Assistant Superintendent of the Indian River School District and held that position at the commencement of the Dobrich lawsuit. Graphic Arts denies that Earl J. Savage is an additional insured under the insurance contract at issue here without limitation. Graphic Arts admits that Earl J. Savage is an additional insured on the insurance contract at issue here subject to the terms, limitations, and conditions of the insurance contract.

10.    Admitted.

11.    Admitted.

12.     Graphic Arts admits that this is an actual controversy and that the action is properly brought under the Federal Declaratory Judgment Act. Graphic Arts denies that IRSB's Answer and Counterclaim accurately set forth the controversy.

13.     Admitted.

14.     Graphic Arts admits that it entered into insurance contract number CPP 2054275 with the Indian River School District, which included a Commercial General Liability coverage part and a School District and Educators Legal Liability coverage part. Graphic Arts admits that the insurance contract was effective from August 1, 2004 to August 1, 2005. Graphic Arts denies IRSB's characterization of the insurance contract as "comprehensive."

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Graphic Arts denies IRSB's characterization of its legal obligations in paragraph 19, but admits the remaining allegations contained in paragraph 19.

20.     Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 20, and on those grounds denies them.

21.     Graphic Arts admits the parties attended a mediation session on or around August 5, 2005. Graphic Arts is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 21, and on those grounds denies them.

22.     Graphic Arts admits the parties attended a mediation session on September 14, 2005. Graphic Arts is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 22, and on those grounds denies them.

DB02:5465916.1                                                           065116.1001

23.     Graphic Arts admits the parties attended a mediation session on November 10, 2005. Graphic Arts is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 23, and on those grounds denies them.

24.     Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 24, and on those grounds denies them.

25.     Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 25, and on those grounds denies them.

26.     Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 26, and on those grounds denies them.

27.     The allegations contained in paragraph 27 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in this paragraph are denied.

28.     Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 28, and on those grounds denies them.

29.     Graphic Arts admits that it and Insurance Counsel reviewed drafts of the Dobrich Settlement Policies but denies IRSB's ambiguous characterization of Graphic Arts actions. Graphic Arts is without knowledge or information sufficient to admit or deny the allegations contained in the second sentence of paragraph 29.

30.     Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 30, and on those grounds denies them.

31.     Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 31, and on those grounds denies them.

5

065116.1001

32.     IRSB's characterization that the "process by which the policies were developed
was dubious" does not require a response, but to the extent a response is required, this allegation
is denied. Graphic Arts is without knowledge or information sufficient to admit or deny the
remaining allegations of paragraph 32, and on those grounds denies them.

33.     Graphic Arts is without knowledge or information sufficient to admit or deny the
allegations of paragraph 33, and on those grounds denies them.

34.     Graphic Arts is without knowledge or information sufficient to admit or deny the
allegations of paragraph 34, and on those grounds denies them.

35.     The alleged Dobrich Settlement Policies excerpt identified in paragraph 35 is
from a written document, the terms of which speak for themselves and are the best evidence of
its contents. IRSB's characterization of the effect of the document does not require a response,
but to the extent a response is required, the allegations are denied.

36.     The alleged Dobrich Settlement Policies excerpt identified in paragraph 36 is
from a written document, the terms of which speak for themselves and are the best evidence of
its contents. IRSB's characterization of the effect document does not require a response, but to
the extent a response is required, the allegations are denied.

37.     Graphic Arts is without knowledge or information sufficient to admit or deny the
allegations of paragraph 37, and on those grounds denies them.

38.     Admitted.

39.     The alleged statement referred to in paragraph 39 is from a written document, the
terms of which speak for themselves and are the best evidence of its contents.

6

40.    Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 40, and on those grounds denies them.

41.    The alleged statement referred to in paragraph 41 is from a written document, the terms of which speak for themselves and are the best evidence of its contents. Graphic Arts denies IRSB's allegations in paragraph 41.

42.    Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 42, and on those grounds denies them.

43.    Graphic Arts is without knowledge or information sufficient to admit or deny the allegations of paragraph 43, and on those grounds denies them.

44.    Denied.

45.    Denied. Graphic Arts has filed this action to determine its rights and obligations under the Insurance Contract.

### COUNT I

46.    The statement incorporating IRSB's previous allegations into Count I does not require a response from Plaintiff. To the extent a response is deemed required, Plaintiff incorporates by reference herein the responses and answers to IRSB's previous allegations.

47-48. The allegations contained in paragraphs 47 and 48 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in these paragraphs are denied.

DB02:5465916.1                                                                                           065116.1001

49.    Graphic Arts denies the allegations contained in the first and third sentences of paragraph 49. Graphic Arts is without knowledge or information sufficient to admit or deny the allegations in the second sentence of paragraph 49, and on those grounds denies them.

50.    Graphic Arts denies the allegations contained in paragraph 50.

51.    Graphic Arts denies the allegations contained in paragraph 51.

52.    Graphic Arts denies the allegations contained in paragraph 52.

53.    The allegations contained in paragraph 53 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in these paragraphs are denied.

## COUNT II

54.    The statement incorporating IRSB's previous allegations into Count II does not require a response from Plaintiff. To the extent a response is deemed required, Plaintiff incorporates by reference herein the responses and answers to IRSB's previous allegations.

55.    The allegations in paragraph 55 attempt to characterize legal obligations under the Insurance Contract, the terms of which speak for themselves and are the best evidence of its contents. Further, IRSB's characterizations and legal conclusions do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in this paragraph are denied.

56.    The allegations in paragraph 56 attempt to characterize legal obligations under the Insurance Contract, the terms of which speak for themselves and are the best evidence of its contents. Further, IRSB's characterizations and legal conclusions do not require a response from

Graphic Arts. To the extent a response is deemed required, however, the allegations contained in these paragraphs are denied.

## COUNT III

57.     The statement incorporating IRSB's previous allegations into Count III does not require a response from Plaintiff. To the extent a response is deemed required, Plaintiff incorporates by reference herein the responses and answers to IRSB's previous allegations.

58.     Graphic Arts admits the first two sentences contained in paragraph 58. Graphic Arts is without knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences of paragraph 58, and on those grounds denies them.

59.     Graphic Arts denies the allegations contained in paragraph 59.

60.     Graphic Arts denies the allegations contained in paragraph 60.

## COUNT IV

61.     The statement incorporating IRSB's previous allegations into Count IV does not require a response from Plaintiff. To the extent a response is deemed required, Plaintiff incorporates by reference herein the responses and answers to IRSB's previous allegations.

62.     The allegations contained in paragraph 62 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in this paragraph are denied.

63.     The allegations contained in paragraph 63 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in this paragraph are denied.

9

64.    Graphic Arts admits the first sentence contained in paragraph 64. The allegations contained in the remaining sentences of paragraph 64 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations are denied.

65.    The allegations contained in paragraph 65 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in this paragraph are denied.

66.    Graphic Arts denies the allegations contained in paragraph 66.

## COUNT V

67.    The statement incorporating IRSB's previous allegations into Count V does not require a response from Plaintiff. To the extent a response is deemed required, Plaintiff incorporates by reference herein the responses and answers to IRSB's previous allegations.

68.    The allegations regarding the Insurance Contract in paragraph 68 concern a written document, the terms of which speak for themselves and are the best evidence of its contents. IRSB's characterization of the effect document does not require a response, but to the extent a response is required, the allegations are denied.

69.    The allegations contained in paragraph 69 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the extent a response is deemed required, however, the allegations contained in this paragraph are denied.

70.    The allegations contained in paragraph 70 of the Counterclaim contain IRSB's characterizations and legal conclusions and do not require a response from Graphic Arts. To the

10

extent a response is deemed required, however, the allegations contained in this paragraph are denied.

## COUNT VI

71.     The statement incorporating IRSB' previous allegations into Count VI does not require a response from Plaintiff.  To the extent a response is deemed required, Plaintiff incorporates by reference herein the responses and answers to IRSB's previous allegations.

72.     This paragraph sets forth declarations sought by IRSB.  Therefore, no response is required.  To the extent a response is required, Graphic Arts denies that IRSB is entitled to the relief requested in the Counterclaim, and any claims or allegations not otherwise addressed in this Answer.

By way of further answer, Plaintiff asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Coverage is barred due to Defendants' failure to cooperate with Graphic Arts with respect to the Dobrich lawsuit.

## THIRD AFFIRMATIVE DEFENSE

To the extent that all conditions precedent and subsequent to the triggering of liability coverage, if any, under the Insurance Contract have not been fulfilled, Graphic Arts has no obligation to IRSB.

11

## FOURTH AFFIRMATIVE DEFENSE

The Insurance Contract provides that no action may lie against Graphic Arts unless, as a condition precedent thereto, there has been full compliance with all of the terms and conditions to coverage.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Defendants may have failed to afford Graphic Arts timely, sufficient and appropriate written notice of any claim against the insureds for a "wrongful act," as required by the terms of the Insurance Contract, such failure would bar coverage under the Insurance Contract.

## SIXTH AFFIRMATIVE DEFENSE

There is no coverage for some or all of Defendants' claim against Graphic Arts to the extent that it is not based on a "claim," "wrongful act," or any form of "loss," as those terms are used in the Insurance Contract.

## SEVENTH AFFIRMATIVE DEFENSE

Coverage may be barred to the extent the underlying lawsuit against the Defendants constitutes a known risk or loss, a non-fortuitous risk or loss, and/or an otherwise uninsurable risk.

DB02:5465916.1                                                                                                                        065116.1001

## EIGHTH AFFIRMATIVE DEFENSE

The Insurance Contract may preclude coverage for "loss" in connection with any claim, based on facts or circumstances which, at the time of acceptance of the application for coverage, the insured had reason to know might lead to a claim against the insured.

## NINTH AFFIRMATIVE DEFENSE

There is no coverage for some or all of Defendants' claims against Graphic Arts to the extent that they involve a loss as a result of a claim, or any portion thereof, seeking injunctive or equitable relief.

## TENTH AFFIRMATIVE DEFENSE

Defendants' claims may be barred in whole or in part by virtue of the existence of other insurance policies, including policies which were previously, subsequently or contemporaneously effective, and by reason of the "Other Insurance" clauses in the Insurance Contract.

## ELEVENTH AFFIRMATIVE DEFENSE

Graphic Arts liability for indemnifying the Defendants', if any, is restricted to the limits of insurance in the Insurance Contract.

## TWELFTH AFFIRMATIVE DEFENSE

Graphic Arts acted at all times in good faith and with good basis in asserting its coverage positions and in handling all claims.

13

065116.1001

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent any loss is covered under the Insurance Contract, Graphic Arts is only responsible to pay an allocation of the relative legal exposure to the insured between covered and uncovered loss.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants' claims may be barred and precluded by other terms, conditions, exclusions and limitations contained in the Insurance Contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by the doctrines of waiver and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred by Plaintiffs' failure to comply with their obligation and burden to mitigate their damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred based on Defendants' unclean hands and other misconduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred due to their breach of the Insurance Contract.

DB02:5465916.1                                                                    065116.1001

## NINETEENTH AFFIRMATIVE DEFENSE

There is no coverage for some or all of Defendants' claim against Graphic Arts to the extent that it is not based on an "occurrence" or "bodily injury" as those terms are used in the Insurance Contract.

## TWENTIETH AFFIRMATIVE DEFENSE

The Counterclaim does not describe the underlying claims therein alleged with sufficient particularity to enable Graphic Arts to determine what defenses (including defenses based on the terms, conditions, exclusions and limitations contained in or incorporated into the Insurance Contract) may exist to such underlying claims. Graphic Arts may have additional defenses that cannot be articulated due to the fact that Graphic Arts does not have all of the documents and information bearing on the insurance coverage issues raised by this action. Because Graphic Arts cannot now assert all of the defenses it may have to coverage under the Insurance Contract, it expressly reserves its right to reevaluate its defenses and/or to assert additional defenses upon the particularization of Defendants' claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts.

WHEREFORE, Defendant Graphic Arts respectfully requests judgment as follows:

      1.     Dismissal of Defendants' Counterclaim with prejudice;

      2.     Entering judgment for Graphic Arts as appropriate, declaring that the Insurance Contract does not cover the events and claims alleged in the Counterclaim and that Graphic Arts has no defense or indemnity coverage obligations to Defendants with respect to the Dobrich lawsuit;

3.     Awarding Graphic Arts its costs and attorneys' fees incurred in the

defense of this action; and

4.     Providing such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

Anthony G. Flynn (ID No. 74)
Timothy Jay Houseal (ID No. 2880)
Jennifer M. Kinkus (ID No. 4289)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone:     (302) 571-6675
Facsimile:     (302) 571-1253

and

Edward J. Grass (*pro hac vice*)
Steven W. McNutt (*pro hac vice*)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone:     (703) 714-7400
Facsimile:     (703) 918-4050

*Attorneys for Graphic Arts Mutual Insurance Company*

DATED: August 14, 2006

## CERTIFICATE OF SERVICE

I, Anthony G. Flynn, Esquire, hereby certify that on August 14, 2006, I have

caused two copies the foregoing Plaintiff Graphic Arts Mutual Insurance Company's Answer to

Defendants' Counterclaims to be served upon the following counsel of record:

Warren Pratt, Esquire
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Suite 1000
Wilmington, DE 19801

Anthony G. Flynn

DB02:5466008.1                                                                      065116.1001