UNITED STATES DISTRICT COURT
IN AND FOR DISTRICT OF DELAWARE

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 06-246-JJF |
| v. | ) ) ) |
| INDIAN RIVER SCHOOL DISTRICT, et al. | ) ) ) |
| Defendants. | ) |

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 26, Fed. R. Civ. P., and for good cause shown, in order to protect privileged and confidential information disclosed in connection with this case, to facilitate the prompt resolution of any disputes over confidentiality, and otherwise to expedite the resolution of this action, Plaintiff Graphic Arts Mutual Insurance Company ("Graphic Arts") and Defendants Indian River School District, Indian River School Board, Harvey L. Walls, Mark A. Isaacs, John M. Evans, Richard H. Cohee, Gregory A. Hastings, Nina Lou Bunting, Charles M. Bireley, Donald G. Hatier, Reginald L. Helms, M. Elaine McCabe, Lois M. Hobbs, and Earl J. Savage (collectively "IRSB"), hereinafter referred to as "Party" or "Parties" agree, and it is hereby ORDERED, that the following procedures and provisions shall govern discovery in this action:

## DESIGNATION OF CONFIDENTIAL MATERIAL

1. Any Party or non-party (the "Designating Party") may designate as "Confidential" any documents, information, testimony or other materials filed with the court and/or exchanged during discovery ("Material") that the Designating Party considers to contain:

   a. confidential information relating to litigation between IRSB and the plaintiffs in *Dobrich v. Walls*, No. 05-120 (D. Del., filed Feb. 23, 2005); or

   b. any other information deemed to be confidential by a Designating Party.

2. The Designating Party may designate all or any part of Material as Confidential by marking the words "Confidential" on the face of the document and on each page of any document to be covered by this Confidentiality Order. The Designating Party may designate all or any part of a trial transcript and/or deposition as Confidential: (a) by making such designation on the stenographic record prior to the conclusion, termination, or suspension of the hearing or deposition, or (b) by notifying all other parties in writing of the designation within fourteen (14) days after the transcript of the hearing or deposition is received by the Designating Party. Prior to the expiration of this fourteen (14) day period, the parties shall treat all hearing and deposition transcripts as if they were designated Confidential.

3. In the event that a non-party produces documents in this litigation, the parties shall be given a fourteen (14) day period to designate documents Confidential despite the non-party's lack of designation. Prior to the expiration of this fourteen (14) day period, the parties shall treat all documents as if they were designated Confidential.

4. The designation of Material as Confidential shall subject the designated Material (and the content thereof) to the provisions of this Confidentiality Order, and all such designated Material shall be protected, used, handled and disposed of strictly in accordance with the provisions of this Confidentiality Order.

5. All Material designated as Confidential shall be used only for purposes of this litigation, or by each of the Parties only to the extent it is required to disclose to auditors or required by law or agreement to disclose in relation to government regulators, insurers, reinsurers, or retrocessionaires, and not for the purposes of any other litigation or advantage, except as set forth below.

## OBJECTIONS TO DESIGNATION

6. Should any Party object to the designation of any Material as Confidential, the Parties shall attempt in good faith to resolve the objection informally, and, if they are unable to do so, then the objecting Party may, at any time prior to trial, move the Court for an order determining whether the Material may properly be designated as Confidential. Until a motion is filed and resolved by the Court, all designated Material shall be treated in accordance with its designation, except for any Material that is available publicly other than by virtue of a violation of this or any other court order or confidentiality agreement, and except for any Material that actually is obtained from a third-party to this litigation outside of discovery in this litigation.

## PERMITTED DISCLOSURE OF CONFIDENTIAL INFORMATION

7. Material designated as Confidential may be disclosed by a non-designating party only to the following persons (including their administrative and clerical staff to the extent reasonably necessary to accomplish their duties), and may be used solely for the purposes of this litigation and not for any business or other purpose whatsoever other than as set forth below:

    a. Counsel for the non-designating party.

    b. Court personnel, court reporters, and outside photocopying services.

        c.      Independent Outside Experts retained by a non-designating party pursuant to paragraph 8 below.

        d.      The author of the Confidential Material or a recipient, in the ordinary course of business, of the Confidential Material.

        e.      Employees of the Parties to this litigation, but only to the extent reasonably necessary for the prosecution or defense of this action.

        f.      To a Party's auditors but only to the extent required by the auditors for purposes of the audit.

        g.      In the case of Graphic Arts, to government regulators, insurers, reinsurers and retrocessionaires.

8.      Disclosure of Material designated as Confidential pursuant to this agreement for this litigation shall not constitute a waiver of an attorney-client privilege or work product protection individually and/or jointly held by the plaintiff and any defendant in this action or any other action, suit, or proceeding, including, but not limited to, litigation between IRSB and the plaintiffs in *Dobrich v. Walls*, No. 05-120 (D. Del., filed Feb. 23, 2005).

## OUTSIDE EXPERTS - INFORMING OTHERS

9.      Confidential Material may not be disclosed to an Independent Outside Expert until he or she has been provided a copy of this protective order and agrees not to disclose or discuss the contents of Confidential Material to or with any person who has not agreed to be bound by this protective order unless that person is a member of his or her staff entitled to access to the Confidential Material under paragraph 6 of this Order (in which case the expert agrees to inform that person of the contents of the Protective Order and take all steps necessary to preserve the confidentiality of the Confidential documents or testimony), or is a party, or counsel in this matter, or such disclosure is made in the scope of testifying in the Litigation.

10. The Parties shall ensure that any person to whom Confidential Material is permitted to be disclosed is fully informed of the terms of this Protective Order prior to any such disclosure.

## FILING WITH THE DISTRICT COURT

11. All filings with the Court that incorporate or refer to the substance of Confidential Material in any manner must be filed under seal. If a Party fails to file under seal a document containing Confidential information, the Designating Party may request that the Court place the filing under seal.

## PROTECTION OF CONFIDENTIAL MATERIALS DURING COURT PROCEEDINGS

12. Subject to further Order of the Court during the trial of this action, any Confidential information that is produced or used at trial or during any hearing in this action (whether by way of exhibit, testimony, argument or otherwise) shall be held "*in camera,*" and the portions of the record containing Confidential information shall be maintained in sealed envelopes by the Clerk, subject to the Court's, Court Clerk's, and counsel's access and use of such information solely for purposes of this action. The production or use of Confidential information in Court shall cause such proceedings to be "*in camera,*" and such production or use in Court without objections or declaration of "*in camera*" proceedings shall not be deemed a waiver of the confidentiality of Confidential information.

## CONCLUSION OF LITIGATION

13. At the conclusion of this action through final, non-appealable judgment or settlement, all Confidential Material (including documents that incorporate or refer to Confidential Material) shall be destroyed, except that outside counsel may retain copies of documents filed with the Court and legal memoranda that reflect attorney work product. The

Parties also may retain documents to the extent required for auditors, or required by law or agreement in relation to government regulators, reinsurers, or retrocessionaires.

### SURVIVAL OF DUTIES

13. This Order shall remain effective after the conclusion of this litigation, and all persons obtaining access to Confidential Material consent to the jurisdiction of this Court to resolve all disputes relating to the enforcement of the terms of this Order.

### SUBPOENA AND DISCOVERY REQUESTS IN OTHER CASES

14. If any Party receives a subpoena or other discovery request in any action or proceeding other than this action, seeking the disclosure of Confidential Material, the Party that receives the subpoena or other discovery request shall notify the Designating Party as soon as reasonably possible. If the Designating Party states that it intends to oppose the disclosure of the Confidential Material, or if there is insufficient time to notify the Designating Party of the pending request, the Party receiving the subpoena or other discovery request shall cooperate with the Designating Party and take reasonable steps to protect the confidentiality of the requested Confidential Material including, if necessary, objecting to the subpoena or taking other appropriate steps necessary to withhold production to the extent reasonably possible pending the Designating Party's ability to move to quash or otherwise oppose the subpoena or other discovery request.

### INADVERTENT PRODUCTION AND VIOLATIONS OF THIS STIPULATION

15. The inadvertent production or disclosure of Material designated Confidential after the date of this Stipulation, and the inadvertent failure to designate Material as Confidential after the date of this Stipulation, shall not constitute a waiver of any applicable privilege or immunity, including, for example, the attorney-client privilege or work product protection. Any inadvertent production after the date of this Stipulation may be remedied as follows:

    a. Within fourteen (14) days of the discovery of the inadvertent production,

the producing Party shall: (i) give written notice of the inadvertent production to all parties that received copies of the inadvertently produced Material, and (ii) state the nature of the privilege.

   b. Upon receipt of written notice of inadvertent production, all parties shall return the inadvertently produced Material to the producing Party and destroy all other copies thereof, or hold the Material pending prompt submission of, and ruling on, a motion to this Court requesting another resolution regarding the Material and its use.

   c. In the event of a dispute concerning the proper assertion of privilege, a Party may not contend that another Party waived a privilege by inadvertently producing or disclosing Material after the date of this Stipulation.

   d. The agreement in this Section 14 is without prejudice to any position any Party may take regarding privilege for documents produced or disclosed prior to the date of this Stipulation.

### MODIFICATION PERMITTED

   16. This Order may be modified or amended by further order of the Court for good cause shown.

WE STIPULATE TO THIS:

| | |
|---|---|
| /s/ Warren Pratt | /s/ Timothy Jay Houseal |
| Warren Pratt (Del. Bar No. 4334) | Anthony G. Flynn (De. Bar No. 74) |
| DRINKER BIDDLE & REATH LLP | Timothy Jay Houseal (Del. Bar No. 2880) |
| 1100 N. Market Street | YOUNG, CONAWAY, STARGATT & |
| Suite 1000 | TAYLOR LLP |
| Wilmington, DE 19801 | The Brandywine Building |
| Telephone: (302) 467-4200 | 1000 West Street, 17th Floor |
| Facsimile: (302) 467-4201 | Wilmington, DE 19801 |
| | Telephone: (302) 571-6675 |
| | Facsimile: (302) 571-1253 |


Jason P. Gosselin (*pro hac vice*)
Jarrod Shaw (*pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, Pennsylvania 19103
Telephone: (215) 988-3371
Facsimile: (215) 988-2757

*Attorneys for the Defendants*

Edward J. Grass (*pro hac vice*)
Steven W. McNutt (*pro hac vice*)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 918-4050
*Attorneys for Graphic Arts Mutual Insurance Company*

DATED: March 1, 2007

SO ORDERED, this ___5___ day of ___March___, 2007.

_____
Judge Joseph J. Farnan, Jr.