IN THE UNITED STATES DISTRICT COURT
IN AND THE FOR DISTRICT OF DELAWARE

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY ) ) ) ) Plaintiff, ) ) v. ) ) INDIAN RIVER SCHOOL DISTRICT, et al. ) ) Defendants. ) | Civil Action No. 06-246-JJF |

**GRAPHIC ARTS MUTUAL INSURANCE COMPANY'S RULE 30(b)(6)
DEPOSITION NOTICE TO THE INDIAN RIVER SCHOOL BOARD
AND THE INDIAN RIVER SCHOOL DISTRICT**

TO:  Warren Pratt, Esquire
     Drinker Biddle & Reath LLP
     1100 N. Market Street, Suite 1000
     Wilmington, DE 19801

**PLEASE TAKE NOTICE** that Plaintiff Graphic Arts Mutual Insurance Company, in accordance with Fed. R. Civ. P. 30(b)(6), will take the deposition upon oral examination of Defendants Indian River School Board and Indian River School District. The deposition will commence on June 25, 2007, at 9:30 a.m. at the offices of Young Conway Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware, 19801.

Pursuant to Fed. R. Civ. P. 30(b)(6), the School Board and the School District shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on their behalf, on the following subject matters. The person or persons so designated shall testify as to matters known or reasonably available to School Board and the School District on the subjects listed in the attached Schedule "A." The deposition shall be taken upon oral

examination pursuant to the Federal Rules of Civil Procedure before an officer authorized to administer oaths by the laws of the United States or the place where the examination is held and will continue from day to day until completed or at some other place or time as mutually agreed by counsel.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Timothy Jay Houseal
Anthony G. Flynn (Del. Bar No. 74)
Timothy Jay Houseal (Del. Bar No. 2880)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 571-6682
Facsimile:  (302) 576-3300
Attorneys for Graphic Arts Mutual Insurance Company

OF COUNSEL:
Edward J. Grass (*pro hac vice*)
Steven W. McNutt (*pro hac vice*)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, VA  22102
Telephone:  (703) 714-7400
Facsimile:   (703) 918-4050

DATED: June 7, 2007

## SCHEDULE A

## DEFINITIONS

These terms shall have the following definitions and meanings, unless another definition or meaning clearly appears from the context in which the term is used:

1. "CLAIM" means the claim for alleged losses that SCHOOL BOARD contends in this action Graphic Arts is obligated to pay for under the INSURANCE CONTRACT.

2. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. "DOBRICH ACTION" means the lawsuit styled *Dobrich v. Walls*, No. 05-120 (D. Del., filed Feb. 23, 2005).

4. "GRAPHIC ARTS" means Plaintiff Graphic Arts Mutual Insurance Company, and any of its officers, employees, agents, servants, representatives, and any other person or entity acting on either of its behalf or for its benefit.

5. "INDIAN RIVER" means Defendant Indian River School District and any of its officers, employees, agents, servants, representatives, and any other person or entity acting on either of its behalf or for its benefit.

6. "INSURANCE CONTRACT" means insurance contract number CPP 2054275.

7. "SCHOOL BOARD" means Defendant Indian River School Board and the Indian River School District and any of their officers, employees, agents, servants, representatives, and any other person or entity acting on either of their behalf or for their benefit.

8.     "SCHOOL BOARD DEFENSE COUNSEL" means John D. Balaguer and John Cafferky and all other attorneys who defended the SCHOOL BOARD in the DOBRICH ACTION.

## SUBJECT MATTERS

The relevant time period for the Subject Matters identified below, unless otherwise noted, shall be June 1, 2004 to the present.

1.     The SCHOOL BOARD's COMMUNICATIONS with GRAPHIC ARTS regarding the DOBRICH ACTION.

2.     The SCHOOL BOARD's COMMUNICATIONS with the SCHOOL BOARD DEFENSE COUNSEL regarding the DOBRICH ACTION.

3.     The SCHOOL BOARD's COMMUNICATIONS with the plaintiffs in the DOBRICH ACTION concerning settlement of the DOBRICH ACTION.

4.     The SCHOOL BOARD's settlement negotiations with the plaintiffs in the DOBRICH ACTION.

5.     Any effort the SCHOOL BOARD made to cooperate with GRAPHIC ARTS regarding the DOBRICH ACTION.

6.     The SCHOOL BOARD's reason(s) for rejecting each settlement offer in the DOBRICH ACTION, in whole or in part.

7.     The SCHOOL BOARD's process for rejecting each settlement offer in the DOBRICH ACTION.

8.     The SCHOOL BOARD's rules, regulations, and governing law, concerning setting of SCHOOL BOARD meetings, voting, settling lawsuits, consideration of settlement offers, and delegation of authority to others to act on its behalf.

9. The SCHOOL BOARD's rules, regulations, and governing law relevant to the

10. The SCHOOL BOARD's position and/or explanation of on whether each settlement offer or proposal in the DOBRICH ACTION was reasonable or unreasonable.

11. The reasons for the SCHOOL BOARD's termination of Messrs. Cafferky and Balaguer.

12. Any effort made by the SCHOOL BOARD to mitigate it alleged damages by obtaining appropriately priced legal representation with experience in defending litigation similar to the DOBRICH ACTION.

13. The retention of the law firm Drinker Biddle, negotiation over its billing rates, and its representations concerning its expertise.

14. The SCHOOL BOARD's responses to GRAPHIC ARTS' document requests.

15. The SCHOOL BOARD's responses to GRAPHIC ARTS' interrogatories.

16. All COMMUNICATIONS between SCHOOL BOARD members concerning settlement of the DOBRICH ACTION.

17. All COMMUNICATIONS between SCHOOL BOARD members and the public concerning the DOBRICH ACTION.

18. All SCHOOL BOARD meetings where the DOBRICH ACTION was discussed or voted upon.

19. All attorneys' fees and costs the SCHOOL BOARD seeks to recover in this action, including every invoice by the SCHOOL BOARD's attorneys, all payments made, and the reason each cost was incurred. Copies of all invoices should be brought to the deposition, if not provided earlier.

20. The SCHOOL BOARD's affirmative defenses to GRAPHIC ARTS' complaint.

21. The SCHOOL BOARD's counterclaims against GRAPHIC ARTS.

22. Each alleged fact or circumstance supporting the SCHOOL BOARD's claims of "Insurance Bad Faith" and "Breach of Implied Covenant of Good Faith and Fair Dealing."

23. Settlement negotiations between the SCHOOL BOARD and the plaintiffs in the DOBRICH ACTION since February 27, 2006.

24. The differences between the proposed settlement on or about February 27, 2006, between the SCHOOL BOARD and the plaintiffs in the DOBRICH ACTION, and any current proposed settlement agreement, the dates that such differences were incorporated into any proposed settlement agreement, and the reasons for those differences.

25. The SCHOOL BOARD's search for documents responsive to GRAPHIC ARTS document requests.

26. The SCHOOL BOARD's document retention and destruction policies and procedures.

DB02:6026026.1                                                                 065116.1001

## CERTIFICATE OF SERVICE

I, Timothy Jay Houseal, Esquire, hereby certify that on this 7th day of June, 2007, the foregoing Graphic Arts Mutual Insurance Company's 30(b)(6) Deposition Notice to the Indian River School Board and the Indian River School District has been electronically filed and served upon the following counsel of record:

>Warren Pratt, Esquire
>Drinker Biddle & Reath LLP
>1100 N. Market Street, Suite 1000
>Wilmington, DE 19801

>/s/ Timothy Jay Houseal
>Timothy Jay Houseal (#2880)