UNITED STATES DISTRICT COURT
IN AND FOR DISTRICT OF DELAWARE

| | |
|---|---|
| GRAPHIC ARTS MUTUAL INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>INDIAN RIVER SCHOOL DISTRICT, INDIAN RIVER SCHOOL BOARD, HARVEY L. WALLS, MARK A. ISAACS, JOHN M. EVANS, RICHARD H. COHEE, GREGORY A. HASTINGS, NINA LOU BUNTING, CHARLES M. BIRELEY, DONALD G. HATIER, REGINALD L. HELMS, M. ELAINE McCABE, LOIS M. HOBBS, and EARL J. SAVAGE.<br><br>Defendants. | Civil Action No. 06-246-JJF |

**GRAPHIC ARTS MUTUAL INSURANCE COMPANY'S OBJECTIONS
TO NOTICE OF DEPOSITION AND WITNESS DESIGNATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Graphic Arts Mutual Insurance Company ("Graphic Arts"), by counsel and pursuant to Fed. R. Civ. P. 30(b)(6), states the following objections to the Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(b) ("Rule 30(b)(6) Notice") served upon it by counsel for the Defendants, (collectively "IRSB") and provides the following witness designation:

**GENERAL OBJECTIONS**

A. Graphic Arts objects to the topics of examination that IRSB has identified in its Rule 30(b)(6) Notice to the extent that the topics exceed, or attempt to exceed, the restrictions on permissible discovery imposed by Fed. R. Civ. P. 26(b)(1) or any other applicable Federal Rule

of Civil Procedure, and to the extent that the topics of examination purport to impose any obligation beyond the requirements of the Federal Rules of Civil Procedure.

      B.      Graphic Arts objects to IRSB's topics of examination to the extent that they require Graphic Arts to divulge any of its attorneys' work-product or any material protected by the attorney-client privilege.

      C.      Graphic Arts objects to each topic that calls for a legal opinion, a legal conclusion or expert testimony. Graphic Arts will not designate a representative to provide legal or expert testimony.

      D.      Graphic Arts objects to each topic of examination that seeks information that is not relevant to the claims or defenses in this case and/or is not reasonably calculated to lead to the discovery of admissible evidence.

      E.      Graphic Arts expressly reserves the right to object to the admissibility at trial of any testimony given at the deposition, on relevance or any other grounds.

      F.      Because Graphic Arts has a long history, has offered and provided a multitude of different insurance products, and has served thousands of clients, Graphic Arts objects on the basis of overbreadth and undue burden to all topics of examination concerning company policies and practices that do not identify the specific policy or practice at issue with specificity.

Graphic Arts's General Objections are incorporated by reference into its Objections to Specific Topics below. Without waiving any of the foregoing Objections, Graphic Arts provides the following Objections to Specific Topics:

## OBJECTIONS TO SPECIFIC TOPICS

**TOPIC NO. 1:** Any and all facts relating to Graphic Arts' process and procedures for record keeping and litigation management.

**Objection:**

Graphic Arts objects to Topic No. 1 as vague and ambiguous because it does not specify what "processes" or "procedures" concerning "record keeping" or "litigation management" it is referring to. Graphic Arts also objects to Topic No. 1 as overly broad and unduly burdensome to the extent that it seeks testimony about each of the multitude of Graphic Arts "process" and "procedures" Graphic Arts relating to "record keeping" and "litigation management."

**TOPIC NO. 2:** Any and all facts relating to insurance contract CPP 2054275.

**Objection:**

Graphic Arts objects to Topic No. 2 as vague and ambiguous because it does not specify what facts it relates to, such as underwriting, broker relations, form selection, coverage provided, interaction with specific claims, or any of the potentially hundreds of topics that could potentially be related to insurance contract CPP 2054275.

Graphic Arts also objects to Topic No. 2 as overly broad and unduly burdensome to the extent that it seeks testimony about "any" fact related to insurance contract CPP 2054275. As noted, read literally, there could hundreds of sub topics that in some way relate to insurance contract CPP 2054275.

**TOPIC NO. 3:** Facts relating to the allegation made in ¶ 28 of Graphic Arts' Complaint stating, "the Indian River Defendants have violated material terms and conditions of the Insurance Contract, including by violation their obligation to cooperate with Graphic Arts in relation to confidential settlement negotiations, by preventing Graphic Arts from using its contractual right to settle in its discretion, by voluntarily assuming additional obligations and incurring expenses without the consent of Graphic Arts that otherwise could and would be avoided, and by failing and refusing to communicate properly with Graphic Arts."

**Objection:**

Graphic Arts objects to Topic No. 3 because ¶ 28 of Graphic Arts' Complaint states a legal conclusion and therefore speaks for itself. Graphic Arts objects to Topic No. 3 to the extent that it calls for the disclosure of information protected by the attorney/client privilege or the work product doctrine.

**TOPIC NO. 4:** Facts relating to the allegation made in ¶ 29 of Graphic Arts' Complaint stating, "[a]s a result of these material breaches of contract, Graphic Arts has no obligation to provide any defense and/or indemnification to the Indian River Defendants, and Graphic Arts is legally entitled to withdraw from any defense, payment, or other obligation with respect to the *Dobrich* lawsuit."

**Objection:**

Graphic Arts objects to Topic No. 4 because ¶ 29 of Graphic Arts' Complaint states a legal conclusion and therefore speaks for itself. Graphic Arts objects to Topic No. 4 to the extent that it calls for the disclosure of information protected by the attorney/client privilege or the work product doctrine.

Subject to these objections, Graphic Arts designates Scott Rose as its Rule 30(b)(6) designee.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Anthony G. Flynn (Del. Bar No. 74)
Timothy Jay Houseal (Del. Bar No. 2880)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

        Telephone: (302) 571-6682
        Facsimile: (302) 576-3300
        Attorneys for Graphic Arts Mutual Insurance Company

OF COUNSEL:
Edward J. Grass (*pro hac vice*)
Steven W. McNutt (*pro hac vice*)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102
Telephone: (703) 714-7400
Facsimile:  (703) 918-4050

DATED: June 11, 2007

DB02:6032618.1                                                                                                                                    065116.1001

**CERTIFICATE OF SERVICE**

I, Timothy Jay Houseal, Esquire, hereby certify that on this 11th day of June, 2007, the foregoing Graphic Arts Mutual Insurance Company's Objections to Notice of Deposition and Witness Designation Pursuant to Federal Rule of Civil Procedure 30(b)(6) has been electronically filed and served upon the following counsel of record:

>Warren Pratt, Esquire
>Drinker Biddle & Reath LLP
>1100 N. Market Street, Suite 1000
>Wilmington, DE 19801

_____
Timothy Jay Houseal (#2880)